UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                                  :         Chapter 13

ROBERT R. PAUP
LYNN D. PAUP                                                 :

    Debtors                              :         Bankruptcy No. 05-17725bf

................................................

ORDER

................................................

  AND NOW, this 2nd day of May 2008, upon motion of Citimortgage, Inc. for relief from the automatic stay pursuant to 11 U.S.C. § 362(d),

  And upon consideration of the debtors' answer in opposition thereto,

  And after a hearing at which time the parties offered a factual stipulation, Ex. J-1, and two documents. Exs. D-1, D-2,

  And the debtors filed a voluntary petition in bankruptcy under chapter 13 on June 3, 2005,[1]

  And ABN AMRO Mortgage Group, Inc., filed an amended secured proof of claim asserting that holds a mortgage on the debtors' residence located at 1702 Olive

---

[1] I take judicial notice, under Fed. R. Evid. 201 (incorporated into bankruptcy cases by Fed. R. Bankr. P. 9017), of the docket entries of this case, see Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa. 1991), as well as the proof of claims docket. See, e.g., In re American Rehab & Physical Therapy, Inc., 2006 WL 1997431, at *18 (Bankr. E.D. Pa. 2006); In re Senior Cottages of America, LLC., 320 B.R. 895, 903 (Bankr. D. Minn. 2005); In re Townsville, 268 B.R. 95, 99 n.3 (Bankr. E.D. Pa. 2001); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

Street, Coatesville, Pennsylvania. The amended proof of claim further stated that the debtors had a pre-bankruptcy mortgage arrearage of $16,594.52,

And ABN AMRO filed an entry of appearance in this bankruptcy case,

And on June 20, 2005, the debtors proposed a chapter 13 plan. There is no dispute that ABN AMRO received a copy of this plan as this creditor filed an objection to confirmation on June 23, 2005. See docket entry #13,

And on November 23, 2005, the debtors filed an amended chapter 13 plan of reorganization. A copy of the amended plan was sent to creditors, including ABN AMRO. Ex. D-1,

And on December 21, 2005, ABN AMRO withdrew its objection to confirmation of the debtor's amended plan, See docket entry #46,

And on December 30, 2005, the debtors' amended chapter 13 plan was confirmed. See Ex.D-2; docket entry #53,

And the debtors' amended plan provided, inter alia, that the secured claim of ABN AMRO would be treated in accordance with 11 U.S.C. § 1322(b)(5). That is, the prepetition mortgage arrearage would be cured over the life of the plan while the debtors tendered all postpetition mortgage payments. The plan proposed to pay a total of $18,250. Thus, if the plan were complied with, the debtors anticipated that they would be current with their mortgage payments at the conclusion of their plan. See Ex. D-1 (Amended Plan, ¶¶ 4(a), 5(a), 6-8),

And the confirmed plan also stated:

Debtors will resume regular monthly mortgage payments to
the Class 1 Claimant [ABN AMRO] of one thousand two
hundred eighty-five dollars and thirty cents ($1,285.30)
beginning in July 2005,

2

Ex. D-1, ¶ 7,

And the movant, CitiMortgage, Inc. asserts that it is the successor in interest to ABN AMRO. Motion, ¶ 2. The debtors do not deny this assertion in their answer,[2]

And CitiMortgage alleges that the debtors are delinquent in their postpetition mortgage payments. The parties have stipulated that the debtors failed to tender mortgage payments in July 2005 and October 2005. Ex. J-1. They also stipulated that, as of the date of the hearing on this motion, April 15, 2008, the debtors have tendered all other postpetition mortgage payments except for April 2008. Id.,

And, as a general principle, whether to modify, condition, or annul the bankruptcy stay under section 362(d)(1) is committed to bankruptcy court discretion, see Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982); In re Shariyf, 68 B.R. 604 (E.D. Pa. 1986), and is to be determined by examining the totality of the circumstances. See Matter of Baptist Medical Center, Inc., 52 B.R. 417, 425 (E.D.N.Y. 1985), aff'd, 781 F.2d 973 (2d Cir. 1986),

And evidence of a debtor's postpetition default in mortgage payments, or plan payments, typically meets the mortgagee's initial burden of production in establishing cause for relief under section 362(d)(1). See, e.g., In re Halley, 70 B.R. 283, 285 (E.D. Pa. 1987); In re Skipworth, 69 B.R. 526 (Bankr. E.D. Pa. 1987); In re Wright,

---

[2]CitiMortgage alleges in its motion, ¶ 2, that it is the assignee of ABN AMRO. In their post-hearing memorandum, the debtors contend that CitiMortgage has presented no proof of any mortgage assignment. Debtors' Memorandum at 2. While that is correct, the debtors' answer did not deny the averment of ¶ 2. Moreover, at the hearing held on this motion, the parties stated that all material facts were included in their stipulation and the only issue involved the effect of confirmation process on the movant's entitlement to relief. Thus, for purposes of this contested matter, I accept as true that CitiMortgage currently holds the mortgage on the debtors' residence.

Egan & Assocs., 60 B.R. 806 (Bankr. E.D. Pa. 1986); In re Keays, 36 B.R. 1016 (Bankr. E.D. Pa. 1984); see also In re Shariyf,[3]

And when the mortgagee's initial burden of production has been established under section 362(d)(1), the debtor opposing the motion must then come forward with evidence demonstrating that the mortgagee's secured interest is adequately protected under section 362.  See, e.g., In re Hinchliffe, 164 B.R. 45, 48-49 (Bankr. E.D. Pa. 1994); In re Skipworth.  Such adequate protection may be provided in a variety of ways.  11 U.S.C. § 361.  In general, adequate protection may be demonstrated by: the existence of an equity cushion, see e.g., In re Indian Palms Associates, Ltd., 61 F.3d 197, 207-08 (3d Cir. 1995); Pennsylvania State Employees' Retirement Fund v. Roane, 14 B.R. 542 (E.D. Pa. 1981); the creation of a replacement lien on other, unencumbered property, 11 U.S.C. § 361(2), see, e.g., In re Ahlers, 794 F.2d 388, 398 (8th Cir. 1986), rev'd on other grounds, 485 U.S. 197 (1988); cash payments to the secured creditor, 11 U.S.C. § 361(1), see, e.g., In re McKillips, 81 B.R. 454, 458-59 (Bankr. N.D. Ill. 1987); or, a viable plan of reorganization which meets the debtor's statutory obligations to the secured creditor, see In re Philadelphia Consumer Discount Co., 37 B.R. 946, 949 n.9 (E.D. Pa. 1984); In re Skipworth,

And while the debtors acknowledge that they have not tendered all postpetition mortgage payments, they nonetheless contend that CitiMortgage has not met its evidentiary burden to establish cause for relief from the bankruptcy stay under section

---

[3]The movant, CitiMortgage, does not argue that it is entitled to relief under any other paragraphs of subsection (d) of section 362.

4

362(d)(1) because the two missed postpetition payments occurred well before confirmation of their amended plan,

And the Bankruptcy Code provides that the confirmation of a chapter 13 plan renders the terms of the approved plan binding upon chapter 13 debtors and their creditors. 11 U.S.C. § 1327(a); see generally In re Szostek, 886 F.2d 1405 (3d Cir. 1989),

And given the binding nature of confirmed plans, courts have held that the confirmation process can preclude a secured creditor from obtaining relief from the bankruptcy stay post-confirmation. See, e.g., In re Wellman, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) ("Once a plan is confirmed, it is treated as the exclusive and transcendent relationship between the debtor and the creditor. It follows that a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of the debtor's affairs, etc., could and should have been raised in objections to confirmation."); Lane v. Westfield Ins. Co., 1995 WL 1671910, at *4 (S.D. Ohio 1995) ("if the confirmed plan makes adequate provision for payment of the creditor's claim, issues of adequate protection are res judicata as of the time of the plan confirmation"); In re Patterson, 107 B.R. 576 (Bankr. S.D. Ohio 1989); see also In re Gellington, 363 B.R. 497 (Bankr. N.D. Tex. 2007) (section 1327(a) prohibits state Attorney General from garnishing chapter 13 debtor's wages to repay child support obligation, even though such collection activity is not barred by the bankruptcy stay); 8 Collier on Bankruptcy, ¶ 1327.02[1][b] at 1327-4 to 5 (15th ed. rev. 2008) ("Once

the plan is confirmed the only cause for relief from the stay that may be validly asserted is the debtor's material failure to comply with the plan."),[4]

And courts have even held that the terms of the binding plan will supercede an earlier lift stay order that terminated the automatic stay in favor of a secured creditor whose claim is provided for by the confirmed plan. See, e.g., In re Diviney, 225 B.R. 762, 771 (B.A.P. 10th Cir. 1998); In re Garret, 185 B.R. 620, 623 (Bankr. N.D. Ala. 1995); see also In re Simpson, 240 B.R. 559 (B.A.P. 8th Cir. 1999) (appeal from order denying motion to terminate the automatic stay is made moot by the subsequent entry of an order of confirmation),

And courts in this district have long held that relief under section 362(d)(1) in favor of a secured creditor are limited to post-confirmation delinquencies and not pre-confirmation delinquencies:

> The implicit conflict between §§ 1327(a) and 362(d)(2) vitiates the applicability of the latter section after confirmation, leaving only § 362(d)(1) as a basis for relief from the stay. This section provides that relief from the stay may be granted "for cause" which, after confirmation, most commonly includes the debtor's default under the plan, a failure to make necessary payments outside the plan, waste of the debtor's property or the lapse of insurance coverage. After confirmation "cause" under § 362(d)(1) may only be predicated on matters occurring after said confirmation.

In re Clark, 38 B.R. 683, 684-85 (Bankr. E.D. Pa. 1984); see also In re Wright, 54 B.R.

---

[4]Conversely, when the terms of a confirmed plan do not provide for the claim of a secured creditor, then the binding nature of confirmation will not bar that creditor from seeking relief from the bankruptcy stay for matters that arose prior to confirmation. See, e.g., In re Harlan, 783 F.2d 839, 841 (9th Cir. 1986); In re Burgess, 163 B.R. 726, 730 (Bankr. M.D. Pa. 1993); see also In re Bilinski, 1998 WL 721083, at *3 (E.D. Pa. 1998) ("As a secured creditor whose claim was not provided for by Ms. Bilinski's plan, Mr. Block was entitled to relief from the automatic stay"); In re Henline, 242 B.R. 459, 465 (Bankr. D. Minn. 1999).

6

553, 555 (Bankr. E.D. Pa. 1985):

> On the subject of PSFS's request for relief from the automatic stay, in this district we have held that confirmation of a chapter 11 or 13 plan bars a creditor from seeking relief from the stay unless the creditor predicates such relief on some postconfirmation "cause." . . . The rationale is that the confirmed plan binds the debtor and the creditor as to preconfirmation bases for relief from the stay. 11 U.S.C. § 1327(a). Any party with a preconfirmation "cause" for relief from the stay could arguably object to confirmation on the basis of that cause.

(citation and footnote omitted); In re Pizzullo, 33 B.R. 740, 742 (Bankr. E.D. Pa. 1983) ("[W]e are of the opinion that the debtors' preconfirmation payment history with the mortgagee and the issue of equity and adequate protection are irrelevant to the instant proceeding in light of the fact that the debtors' chapter 13 plan was confirmed on January 18, 1982."); see generally, e.g., In re Wallace, 1997 WL 33475072, at *2 (Bankr. C.D. Ill. 1997); In re Minzler, 158 B.R. 720, 721 (Bankr. S.D. Ohio 1993); In re Barnes, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991); see also In re Randall, 98 B.R. 916, 918 (Bankr. N.D. Ill. 1989) ("A creditor's motion to modify the stay after confirmation can be an appropriate vehicle only when there is a post-confirmation default by the debtor."),

And CitiMortgage contends that it is nevertheless entitled to relief under section 362(d)(1) because the debtors' confirmed plan promised to resume regular monthly mortgage payments beginning in July 2005 and the debtors failed to do so. Movant's Post-Hearing Memorandum, at 7-8,

And to the extent that the debtors were not in compliance with their proposed plan due to their failure to tender all required postpetition, pre-confirmation mortgage payments, and as CitiMortgage's predecessor-in-interest, ABN AMRO, knew or should have known of this default yet withdrew its objection to confirmation of the

proposed amended plan, CitiMortgage cannot now seek relief based upon such pre-confirmation missed payments:

> Under § 1327, a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation.

In re Szostek, 886 F.2d at 1408; see also In re Starling, 251 B.R. 908 (Bankr. S.D. Fla. 2000) (due to section 1327(a), when a debtor amends his chapter 13 plan so as to provide for repayment in full of his pre-bankruptcy mortgage delinquency in the exact amount contained in the mortgagee's proof of claim, the debtor cannot object to that claim after confirmation of that amended plan),

Therefore, as the sole basis for CitiMortgage's request for relief from the bankruptcy stay is the failure of the debtors to tender two postpetition mortgage payments, which failure occurred at the outset of the chapter 13 case and was long prior to confirmation, and given that CitiMortgage's predecessor in interest was served with a copy of the proposed chapter 13 plan prior to confirmation and withdrew its opposition, there is no cause for relief under section 362(d)(1).[5]

---

[5] The debtors argue that ABN AMRO's failure to object to confirmation not only has the effect of precluding relief from the stay but also effectively waived assignee CitiMortgage's right to recover the two missed mortgage payments after the chapter 13 case is closed and the bankruptcy stay is terminated by virtue of section 362(c)(2)(A). While I appreciate that In re Clark, 38 B.R. at 685, addressed that issue (and appears to hold to the contrary), that question will have to be considered by the state court, as my consideration of the rights of the debtors and mortgagee post-closing of this case would be advisory and thus impermissible. See Coffin v. Malvern Federal Savings Bank, 90 F.3d 851, 853-54 (3d Cir. 1996) (bankruptcy court finding that creditor would be free to exercise its state law remedies after discharge was advisory and improper).

Accordingly, it is hereby ordered that the lift-stay motion of CitiMortgage is denied.

*Bruce Fox*

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Robert Ray Paup
Ms. Lynn Denise Paup
1702 Olive Street
Coatesville, PA 19320

Robert F. Salvin, Esq.
Community Impact Legal Services
419 Avenue of the States, Suite 201
Chester, PA 19013

Stuart I. Seiden, Esq.
Parker, McCay, P.A.
Three Greentree Centre
7001 Lincoln Drive West
P.O Box 974
Marlton, N.J. 08053